OPINION
Plaintiff-appellants William Flitton and Dennis Sovonick appeal from a summary judgment rendered in favor of defendant-appellee, Steve R. Rauch, Inc. ("Rauch"). They contend that they established genuine issues of material fact regarding their claim of employer intentional tort.
From our review of the record, we conclude that the trial court correctly rendered summary judgment because Flitton and Sovonick failed to present evidence to support a finding that injury was substantially certain to occur.
Accordingly, the judgment of the trial court is Affirmed.
 I
This case arises from a shooting on December 14, 1994. Prior to the date of the shooting, Montgomery County had ordered the demolition of a residence owned by Bessie Hardin. Rauch was hired to perform the demolition. Another company, American Environmental Control ("AEC"), was hired to remove asbestos from the house.
Prior to the shooting incident, Hardin appeared at the demolition site and began carrying bags of asbestos off the premises. She then appeared later and ordered the AEC employees off the premises. According to the record, the police were called. After being searched by the police, Hardin was arrested on an outstanding warrant unrelated to this case.
On December 14, 1994, Rauch employees, including Flitton and Sovonick, were at the site to demolish the house. According to Flitton and Sovonick's testimony, a policeman stopped by the site while they were unloading equipment. They testified that the officer asked them if they wanted him to stay on the premises. However, they did not ask the officer to stay. They testified that they thought the officer was there because they had equipment on the wrong side of the road. After the officer left, Flitton and Sovonick finished unloading equipment at the job site. When they had finished, Hardin drove up to the site, walked up to the men, pulled out a gun, and shot Flitton six times. Sovonick jumped on Hardin as she was attempting to reload the gun. Sovonick injured his shoulder during the scuffle.
Flitton and Sovonick sued Rauch alleging an employer intentional tort. Specifically, they claimed that Rauch knew that Hardin had made threats of bodily injury with a gun against AEC employees and against Roger Cowden, an engineer and supervisor employed by Rauch, regarding the demolition of her house. They further alleged that Rauch failed to warn them of the dangerous condition, and thus required them to conduct the demolition under conditions in which injury was substantially certain to occur.
After discovery, Rauch filed a motion for summary judgment. According to Rauch's evidence, the company had no knowledge that Hardin had threatened anyone with physical violence or that she had brandished a gun. Instead, the company claims that it only knew that Hardin, a seventy-one year old woman, had ordered the AEC employees off her premises.
The trial court originally denied the motion for summary judgment. However, after Rauch filed a motion for reconsideration, the trial court rendered summary judgment in favor of Rauch. Flitton and Sovonick appeal from the judgment rendered against them.
 II
In their sole Assignment of Error, Flitton and Sovonick argue:
 THE TRIAL COURT ERRED IN SUSTAINING APPELLEE STEVE RAUCH, INC.'S MOTION FOR SUMMARY JUDGMENT.
Flitton and Sovonick contend that they have set forth material facts demonstrating that Rauch's knowledge of the danger posed by Hardin, and Rauch's failure to warn them of that danger, rose to the level of an employer intentional tort.
"Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor." Zivich v. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367,369-370.
An intentional tort by an employer against an employee is defined very narrowly where the employee is covered under Ohio's workers' compensation laws. To establish an intentional tort, an employee must demonstrate the following: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to the dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, acted to require the employee to continue to perform the dangerous task. Fyffe v. Jeno's Inc. (1991),59 Ohio St.3d 115, paragraph one of the syllabus, modifying VanFosssen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, paragraph five of the syllabus. Proof beyond that required to establish negligence or recklessness is required:
 Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the result. However, the mere knowledge and appreciation of a risk — something short of a substantial certainty — is not intent.
Fyffe, supra, at 118.
The trial court found that Flitton and Sovonick had not established either of the first two elements of the Fyffe test for an intentional tort. In other words, the trial court found that they had failed to create a genuine issue of material fact regarding the existence of a danger process, procedure, or condition and had failed to establish that Rauch knew, to a substantial certainty, that any harm would occur even if there had been a dangerous process, procedure, or condition in place. Flitton and Sovonick contest these findings.
Rauch submitted the deposition testimony and affidavits of both Cowden and its owner, Steve Rauch. Their testimony indicates that, although they knew that Hardin had appeared at the demolition site and ordered the AEC employees off the premises, they did not know that she had made any threats or used a gun.
Flitton and Sovonick claim that they met the first prong of the Fyffe test by showing that Rauch was aware of the dangerous condition created by Hardin; i.e., they argue that Rauch knew that Hardin had threatened the AEC employees with a gun. Flitton and Sovonick presented the following evidence in support of their claim. Flitton testified by deposition that the AEC employees had told him that Hardin had threatened them with a gun, which she did not fire, and that they had informed Rauch's owner of that threat. Flitton also testified that Rauch knew that Hardin had only been held in custody for twenty-four hours before being released, so that Rauch knew she might return to the site. In support, he testified that a former receptionist for Rauch, MaryBeth Snowball, informed him that the Dayton Police Department had telephoned Rauch and informed the owner that Hardin had been released and that the police wanted to be present when workers were on site, a claim Flitton contends is corroborated by the appearance of the police officer at the site prior to the shooting.
Sovonick also testified by deposition. He testified that he spoke with a "Mr. Combs" in the Rauch offices. According to Sovonick's testimony, Mr. Combs worked at Rauch. He further testified that Mr. Combs stated that Hardin had threatened the AEC employees with a gun.
Flitton and Sovonick also presented the affidavit of MaryBeth Snowball. In her affidavit, Snowball averred that she had overhead a conversation between Cowden and the owner of Rauch in which Cowden stated that Hardin had threatened him and the AEC employees with "bodily harm."
We note that the appellants did not identify the AEC employees referred to in Flitton's deposition, and they did not submit any deposition testimony or affidavit from those employees. Also, Snowball's affidavit did not refer to any phone call made by the Dayton Police Department to Rauch.
We conclude, as did the trial court, that the testimony of Flitton regarding any conversation the AEC employees or the Dayton Police may have had with Rauch constitutes inadmissible hearsay. This testimony therefore is not sufficient to demonstrate that Rauch had knowledge that Hardin had made threats or used a gun.
In contrast, we find that the Snowball affidavit, as well as Sovonick's testimony regarding the information provided by Mr. Combs does raise a question of fact whether Rauch knew that Hardin had made threats of bodily harm with a gun, and, therefore, whether Rauch knew of a potentially dangerous condition. Therefore, we find that the trial court erred in finding that Flitton and Sovonick failed to raise a genuine issue of fact in regard to the first prong of the Fyffe test.
We next address the issue of whether Flitton and Sovonick satisfied the substantial certainty prong of the Fyffe test. In support, Flitton and Sovonick argue that Rauch's failure to warn them of the danger created a substantial certainty of injury. Flitton and Sovonick argue that Rauch knew that harm was substantially certain even though there had been no prior shooting incidents; they argue that reasonable minds could conclude that Rauch knew of a dangerous condition creating a substantial certainty of harm based on the one threat made by Hardin. In support, they cite Hannah v. Dayton Power Light (1998), 82 Ohio St.3d 482, for the proposition that one prior incident can create a genuine issue of fact as to substantial certainty. In Hannah, the employer was aware that an elevator inside a smokestack had previously malfunctioned. Id., at 486. However, the employer had failed to train its rescue team how to respond in an emergency situation caused by the elevator malfunctioning. Id. Furthermore, the employer was aware of the inadequacy of the training received by the rescue team, but failed to institute better training programs. Id. Based upon the circumstances, the Ohio Supreme Court stated that "reasonable minds could conclude that [the employer] was aware of a dangerous condition that created a substantial certainty of harm." Id.
We find this case distinguishable. Although Rauch was arguably aware of the prior threat and the potential for danger, there is no evidence to support a finding that Rauch knew that there would be a repeat incident; i.e., that Hardin would return to the site. Furthermore, the undisputed evidence indicates that after learning of the fact that Hardin had requested the AEC employees to leave the premises, Rauch, through Cowden, called the City of Dayton to report the problem with Hardin and to request that the City remedy the problem. Thereafter, the police arrived on the scene and Hardin was arrested. There is no evidence to support a finding that Rauch was aware that Hardin had been released from jail at the time that Flitton and Sovonick were sent to the site. Therefore, even though Rauch had knowledge of a prior incident involving Hardin, the company did not know that the incident was likely to be repeated.
Moreover, the evidence established that no other shootings had occurred during the time Flitton or Sovonick worked for Rauch; and that no shooting had ever occurred in connection with a demolition job performed by Rauch. Furthermore, there was no evidence to support a finding that Hardin had a known history of violence, or that she had ever harmed anyone. In fact, she had not harmed the AEC workers or Cowden. There is, of course, a world of difference between issuing a threat and actually shooting someone. Additionally, there is no evidence in the record to indicate that the police actually found a gun on Hardin's person or that she was arrested or charged in connection with her threats to the AEC employees.
The only basis for perceiving a risk of harm was an ambiguous threat of "bodily harm" made by a seventy-one year old woman. The threats were made to the AEC employees after Hardin took their bags filled with asbestos that had been removed from the house. The threat was also possibly made against Cowden when he appeared at the site that day. Hardin was arrested; no gun was found. Finally, there is no admissible evidence to support a finding that Rauch was aware that Hardin had been released from jail at the time she shot Flitton.
Therefore, while we find that Rauch may have known of some risk of injury to its employees from Hardin, the evidence, even when construed most favorably to Flitton and Sovonick, fails to establish that Rauch knew that injury was substantially certain to occur. The plaintiffs' evidence, while sufficient to create an issue of negligence, and perhaps even recklessness, failed to create a genuine issue of material fact on their employer intentional tort claims. Therefore, we conclude that Flitton and Sovonick failed to satisfy the second prong of the Fyffe test, and the trial court correctly rendered summary judgment in favor of Rauch.
The plaintiffs' sole Assignment of Error is overruled.
 III
The plaintiffs' sole Assignment of Error having been overruled, the judgment of the trial court is Affirmed.
BROGAN and WOLFF, JJ., concur.
Copies mailed to:
David G. Roach
Cinamon S. Houston
Ray C. Freudiger
Hon. Dennis Langer